UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHNNIE DENNIS,

                Plaintiff,

v.                              Case No. 3:05-cv-811-J-99TEM

CORRECTIONAL MEDICAL SER[.],
et al.,

                Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate incarcerated at the Duval County Jail who is proceeding *pro se*, initiated this action on August 26, 2005, by filing a "Class Action Civil Rights Complaint U.S.C. 1983" (Doc. #1) (hereinafter Complaint).[1] Upon review of the record, the Court will dismiss this case due to the following deficiencies.

Plaintiff failed to use the appropriate civil rights complaint form to present his claims. As a result, he did not advise the Court of his prior civil rights actions so that the Court can determine whether Plaintiff has raised his claims previously. In reviewing any previous filings, this Court must also consider the nature of Plaintiff's actions that were dismissed

---

[1] Plaintiff's class action allegations will be stricken for Plaintiff's failure to comply with Local Rule 4.04(a).

before, as well as after, the enactment of the Prison Litigation Reform Act (hereinafter PLRA). See 28 U.S.C. § 1915(g).

Additionally, the PLRA amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997(e), to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e).

Thus, Plaintiff must fully exhaust his administrative remedies before initiating a civil rights case in this Court. Although Plaintiff stated that he submitted several grievances regarding the matters raised in his Complaint, it is not clear if he fully exhausted his administrative remedies because he did not submit copies of his grievances, and any responses thereto, to verify exhaustion.

Finally, Plaintiff did not sign his Complaint in accordance with Fed. R. Civ. P. 11 and Local Rule 1.05(d), nor did he provide any copies of his Complaint for service of process upon the named Defendants. For all of the above-stated reasons, Plaintiff's case will be dismissed without prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. All class action allegations are **STRICKEN.**

2. This case is **DISMISSED** without prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

4. The Clerk of the Court shall close this case.

5. The **Clerk of Court** shall send a "Civil Rights Complaint Form," an "Affidavit of Indigency" form, and a "Prisoner Consent Form and Financial Certificate" to Plaintiff. If Plaintiff elects to refile his claims in a separate action, he may complete and submit these forms. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to refile his claims. In refiling, Plaintiff shall **either** file a fully completed "Prisoner Consent Form and Financial Certificate" and "Affidavit of Indigency" (if Plaintiff desires to proceed as a pauper) **or** pay the $250.00 filing fee (if Plaintiff does not desire to proceed as a pauper).

**DONE AND ORDERED** at Jacksonville, Florida, this 29 day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE

ps 8/29
c:
Johnnie Dennis

3